# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **DANIEL RODRIGUEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-09-28** |
| | § | |
| **RICK THALER[1],** | § | |
| | § | |
| **Respondent.** | § | |

## Memorandum Opinion and Order

Daniel Rodriguez ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1).  Respondent has filed a Motion for Summary Judgment with Brief in Support, (Dkt. No. 25), and Petitioner has responded, (Dkt. No. 32). After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.[2]

## Factual Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th District Court of Jackson County, Texas, cause number 06-9-7508, styled *The State of Texas v. Daniel Rodriguez, Jr. Ex parte Rodriguez*, Application No. 70,902-01, 2348938 SHCR at 48-49.[3]  The State charged Petitioner with felony DWI enhanced by two prior felony convictions.  *Id.* at 46-

---

[1]Rick Thaler is the proper respondent and is hereby substituted as such.  Fed. R. Civ. P. 25(d).

[2]Also pending is Petitioner's Motion to Reurge Evidentiary Hearing.  (Dkt. No. 33).  Because the Court still finds that no such hearing is necessary, Petitioner's motion is DENIED.

[3]"SHCR" refers to the clerk's record of Petitioner's state writ history.  Where applicable, citations are preceded by the "EventID" number denoted on the Texas Court of Criminal Appeals Scanning Cover Sheet and followed by the relevant page number(s).

47. Petitioner pled guilty to the charge, and, on September 13, 2007, the trial court adjudicated his guilt and sentenced him to twenty-five years of imprisonment. *Id.* at 48-49.

Petitioner waived his right to appeal and acknowledged that he did not appeal his felony DWI conviction. *Id*. at 5 & 50; SHCR 2360070 at 41;(Dkt. No. 1 at 3).

Petitioner filed a state application for a writ of habeas corpus on September 10, 2008. 2348938 SHCR at 4. The trial court entered written findings recommending that relief be denied. 2360070 SHCR at 53-54. On April 8, 2009, the Texas Court of Criminal Appeals ("CCA") adopted the trial court's findings and denied relief. 2348938 SHCR.

Petitioner placed the instant petition in the prison mailing system on April 15, 2009. (Dkt. No. 1 at 9).

## Summary Judgment

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[4] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *See*

---

[4] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

### Statute of Limitations

Petitioner filed his federal habeas petition on April 15, 2009.  (Dkt. No.1).  His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996, effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)).  Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

period shall run from the latest of --

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

While Petitioner claims that sub-sections (B) and (D) of 28 U.S.C. § 2244(d)(1) are applicable to this case, the Court disagrees and finds that only (A), or finality, is applicable.

Petitioner claims that (B) is applicable because he could not access an adequate prison library until he was transferred to the "Robertson Unit" on June 26, 2008, and this, Petitioner claims, constituted an "impediment . . . created by State action."  While it is true that failure to provide prisoners with access to adequate legal materials can constitute an "impediment . . . created by State action," *Egerton v. Cockrell*, 334 F.3d 433, 438-39(5th Cir. 2003), sub-section (B) does not apply in this case because "the applicant was [**not**] prevented from filing by such State action."  28 U.S.C. § 2244 (d)(1)(B); *see Balawajder v. Johnson*, 252 F.3d 1357 (5th Cir. 2001) ("[T]he absence of the AEDPA from the prison library was not a state-created

impediment" under § 2244(d)(1)(B) because of petitioner's "actual awareness of the existence of the AEDPA well before the one-year period expired." Hence, petitioner was "not prevented from filing by its absence.").

Likewise, subsection (D) is not applicable. Petitioner's wife obtained records from the district attorney's office in February 2008. (Dkt. No. 18 at 4); (Dkt. No. 19 at 3); (Dkt. No. 32 at 6). These records made reference to a one-time plea offer of 12 years, and Petitioner claims this offer was never communicated to him. Petitioner argues that sub-section (D) should toll the time between September 13, 2007, when he was sentenced, and February 2008, when he discovered that his attorney allegedly failed to communicate this plea offer to him. However, Petitioner has not established that he could not have previously discovered this information through the exercise of due diligence. In fact, the state trial court's "Findings and Conclusions," adopted by the CCA, found that Petitioner's attorney "relayed" the "offer . . . to Applicant who rejected the plea and requested a re-set." 2360070 SHCR at 53-54; 2348938 SHCR.

For purposes of determining finality of the state court judgment under 28 U.S.C. § 2244(d)(1)(A), a waiver of the right to direct review resulting in the failure to file a direct appeal means there can be no "conclusion of direct review." Moreover, "if the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A). In this case, the time for seeking direct review expired when Petitioner was sentenced, on September 13, 2007, as the record reflects that Petitioner voluntarily, knowingly, and intelligently waived his right to appeal his guilty plea and did not engage in the Texas direct review process. *See Glaze v. State*, 675 S.W.2d 768, 769 (Tex. Crim. App. 1984)

("A conviction is not final until sentencing occurs.").

Petitioner's application for a state writ of habeas corpus was filed on September 10, 2008, three days before the statue of limitations for Petitioner's federal writ petition expired. The state writ was denied on April 8, 2009.  2348938 SHCR.  Accordingly, Petitioner's federal writ petition was due by April 13, 2009, as April 11, 2009, fell on a Saturday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed. R. Civ. P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) ("if the last day [of an applicable period] is a Saturday, a Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").  When Petitioner filed his federal writ petition on April 15, 2009, (Dkt. No. 1), it was two days late.

Furthermore, and despite Petitioner's argument to the contrary, equitable tolling is unavailable.  As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable tolling of the limitations period applies principally where a petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal

6

quotations omitted).  Ignorance of the law or excusable neglect is not a justification for equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Petitioner claims equitable tolling should apply to three time periods: 1) the time between the CCA's denial of Petitioner's state application and the time Petitioner received notice of the CCA's decision—April 8, 2009 to April 13, 2009; 2) the time between the imposition of sentence and the time Petitioner allegedly discovered that his counsel never informed him of the 12-year plea offer—September 13, 2007 to February 2008; and 3) the time between the imposition of sentence and Petitioner's transfer to the "Robertson Unit," which allowed Petitioner to access a more complete law library—September 13, 2007 to June 26, 2008.  (Dkt. No. 32 at 9-10).

However, Petitioner has not shown that he was diligent in pursuing his rights.  He did not challenge his conviction with a state writ of habeas corpus application until three days before the expiration of the limitations period for his federal writ.  Because of this delay, Petitioner had only five days after the CCA dismissed his state habeas application to file his federal writ, but he waited seven days.  Likewise, Petitioner had enough time to properly file his state and federal habeas petitions after he discovered the plea offer that was allegedly never communicated to him and after he had access to an adequate library.  "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner has not established that he is entitled to any tolling.  Accordingly, his petition must be dismissed as barred by the governing one-year limitations period**.**

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition.  A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  Therefore, the Court denies the issuance of a certificate of appealability in this action.

**Conclusion**

Respondent's motion for summary judgment, (Dkt. No. 25), is GRANTED.  Petitioner's habeas petition is DISMISSED.  Petitioner's Motion to Reurge Evidentiary Hearing, (Dkt. No. 33), is DENIED.  The Court also DENIES Petitioner a Certificate of Appealability.

Signed this 15th day of April, 2010.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE