UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **DANIEL RODRIGUEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | **CIVIL ACTION V-09-28** |
| **RICK THALER,**[1] § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Daniel Rodriguez ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, as well an Amended Petition and Memorandum of Law and Brief in Support (Dkt. Nos. 1, 18, 19).[2] On November 23, 2009, Respondent Rick Thaler ("Respondent"), as TDCJ-CID Director, filed a Motion for Summary Judgment (Dkt. No. 25), to which Petitioner responded (Dkt. No. 32). By written order entered April 15, 2010, the Court granted Respondent's motion and dismissed Petitioner's petition as barred by the applicable one-year limitations period, 28 U.S.C § 2244(d). (Dkt. No. 34.) The United States Court of Appeals for the Fifth Circuit then reversed this decision and remanded the case to this Court to consider

---

1. Petitioner originally named former TDCJ Director Nathaniel Quarterman as Respondent in this suit. Thaler has since replaced Quarterman as TDCJ Director.

2. Petitioner has also filed a Motion to Expand the Record (Dkt. No. 48), Motion to Reurge the Motion for Evidentiary Hearing and Motion for Appointment of Counsel (Dkt. No. 49), and Motion to Expidite [*sic*] (Dkt. No. 50), whereby Petitioner asks the Court to set an evidentiary hearing, appoint counsel, expand the record, and reach a decision on the merits as soon as possible. The Court may not consider evidence or arguments in this proceeding that were not presented to the state court and made part of the state habeas record. *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996). The Court also has not waivered in its opinion that Petitioner is not entitled to appointed counsel and that no evidentiary hearing is necessary. Accordingly, Petitioner's motions are **DENIED**.

Petitioner's habeas petition on the merits. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011).

After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DISMISSED**.

## I. Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th District Court of Jackson County, Texas, Cause No. 06-9-7508, styled *The State of Texas v. Daniel Rodriguez, Jr. See Ex parte Rodriguez*, Application No. 70,902-01. (2348938 SHCR at 48–49.)[3] The State charged Petitioner with felony driving while intoxicated (DWI), enhanced by two prior felony convictions. (*Id.* at 46–47.) Petitioner pled guilty to the charge, and on September 13, 2007, the trial court adjudicated his guilt and sentenced him to 25 years of imprisonment. (*Id.* at 48–49.)

Petitioner did not appeal his felony DWI conviction, but instead filed a state application for a writ of habeas corpus on September 10, 2008. (2348938 SHCR at 4.) The trial court entered written findings recommending that relief be denied (2360070 SHCR at 53–54), and on April 8, 2009, the Texas Court of Criminal Appeals (CCA) adopted the trial court's findings and denied relief without written order (2348938 SHCR at Cover).

Petitioner filed the instant federal petition for a writ of habeas corpus on April 15, 2009,[4] claiming that he was denied the effective assistance of trial counsel when: (1) his first attorney, Mr. Todd Dupont, failed to inform him of a 12-year plea offer; (2) his second attorney, Mr. Richard Manske, failed to investigate Petitioner's prior criminal history and discover that he was

---

3. "SHCR" refers to the clerk's record of Petitioner's state writ history. (Dkt. No. 22.) Where applicable, citations are preceded by the EventID number denoted on the CCA Scanning Cover Sheet and followed by the relevant page number(s).
4. A federal habeas petition is considered filed on the date it is placed in the prison mail system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

2

never admonished on the range of punishment on one of his prior DWI convictions; (3) both attorneys failed to file motions, develop a defense, and review discovery with Petitioner; and (4) both attorneys failed to view a videotape that was allegedly taken on the arresting officer's dashboard camera the night of Petitioner's arrest. Petitioner's memorandum of law in support of his habeas petition further alleges that his guilty plea was not knowing or voluntary.

The Court now reconsiders Respondent's motion for summary judgment on all of Petitioner's claims.

## II. Legal Standards

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[5] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

5. The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**B.  28 U.S.C. § 2254**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 693 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication: (1) was contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). A state court decision is contrary to federal

4

precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 406–13. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 409.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

### C. Failure to Exhaust Remedies

A petitioner must exhaust his remedies in state court before filing a federal habeas petition. Section 2254(b) reads, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)
> (i) there is an absence of available State corrective process; or

>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant

28 U.S.C. § 2254(b). In order to exhaust his remedies, a petitioner must have presented all his claims to the state courts. If a petitioner brings new claims not presented to the state courts or new evidence to support his old claims, he will be deemed not to have exhausted his remedies. *See, e.g.*, *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996).

**III. Analysis**

 **A. Petitioner's claim that his guilty plea was not knowing or voluntary**

 Although Petitioner does not allege in his federal habeas petition that his guilty plea was involuntary, Petitioner's memorandum of law in support of his petition raises this issue. According to Petitioner, because he did not understand how his prior DWI offenses and other convictions could be used to enhance his 2007 DWI to a felony, his plea was not knowing. Petitioner further claims that his plea was not voluntary because he would have accepted a 12-year plea deal had he known about it instead of the 25-year sentence he later accepted.

 A guilty plea is considered "knowing" so long as a defendant knows "'the maximum prison term and fine for the offense charged.'" *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). A plea of guilty is "voluntary" so long as it was not induced by "threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes). *United States v. Henry*, 113 F.3d 37, 41 (5th Cir. 1997) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). Thus, Petitioner's claims that he didn't understand why his 2007 DWI was a felony and that he missed the opportunity to receive a lesser sentence had he pled guilty at an earlier date are not relevant to the constitutional voluntariness of his plea.

The record shows that the trial judge properly admonished Petitioner that, with the enhancement paragraphs, the maximum possible punishment for felony DWI was 99 years and that Petitioner also faced a fine of up to $10,000 as well as consequences to his driver's license. (SHCR 2360070 at 8:14–24.) Exhibit A to Petitioner's Plea Memorandum further establishes that Petitioner was advised in writing of the nature of the charges and the consequences of pleading guilty. (*Id.* at 47–49.) The record also shows that Petitioner affirmatively represented to the trial judge that no one had forced or threatened him to plead guilty. (*Id.* at 10:2–4.) The state trial court cited this evidence in determining that Petitioner's plea was both knowing and voluntary. (*Id.* at 53.)

Because the state court's ruling was not unreasonable or contrary to clearly established federal law, Respondent's Motion for Summary Judgment is granted with respect to Petitioner's claim that his plea was not knowing or voluntary.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim, a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993)).

As a result of voluntarily pleading guilty, Petitioner has waived his ineffective assistance of trial counsel claims, as any challenge to a conviction that was obtained by a guilty plea is limited to the issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983). However, the Court will nonetheless explain why Petitioner's ineffective assistance of counsel claims must fail.

**1. Mr. Dupont's alleged failure to inform Petitioner of a 12-year plea offer**

Upon initial review of Petitioner's state habeas petition, the CCA remanded the petition to the trial court to make "findings of fact as to whether the State made an offer of twelve years imprisonment in this case, and if so, whether the offer was ever communicated to Applicant." (2350761 SHCR at 2–3.) The CCA's order was filed November 5, 2008 and provided that the trial court must resolve this issue within 90 days. (*Id.* at 3.)

Mr. Dupont filed an affidavit with the trial court, which stated that after a court setting on January 5, 2007, Mr. Dupont spoke with the district attorney, Bobby Bell, about a possible plea bargain. (SHCR 2360070 at 17.) Mr. Bell offered Petitioner a "today-only" deal, whereby the

State would drop the enhancements providing for a potential 99-year sentence if Petitioner agreed to a 12-year sentence that day; after that day, the offer would be somewhere in the 20 to 29-year range. (*Id.*) Mr. Dupont relayed the terms of the plea bargain to Petitioner, and Petitioner was "sternly admonished that after that day, the 12 year offer was 'off the table.'" (*Id.*) Mr. Dupont also wrote the offer on the inside cover of Petitioner's file folder, but Petitioner was unwilling to take the offer and instead instructed Mr. Dupont to reset the case. (*Id.*) Petitioner then fired Mr. Dupont and hired Mr. Manske, who also submitted an affidavit with the trial court. (*Id.* at 14.) Mr. Manske stated that his file notes indicate that he was aware of the previous "one day only" offer of 12 years made to Mr. Dupont. (*Id.* at 14.)[6] Petitioner did not submit any evidence in support of his claim that Mr. Dupont did not relay the 12-year offer to him.

In its written Findings and Conclusions issued January 27, 2009, the trial court found that the "'today-only' plea of 12 years in prison with the state abandoning the enhancement paragraphs . . . was relayed to Applicant who rejected the plea and requested a reset." (SHCR 2360070 at 53.) Approximately two months later, Petitioner filed his own affidavit with the CCA stating that Mr. DuPont never informed him of the 12-year plea offer. (2365425 SHCR at 1.) This untimely evidence was not considered by the CCA, as the CCA made clear in its remand order that the trial court is the appropriate forum for findings of fact with respect to state habeas claims. (2350761 SHCR at 2 (citing (*Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997)).) Because Petitioner did not present this affidavit to the state trial court in a timely manner, he may not rely on this evidence in support of his federal habeas petition. *See Graham*, 94 F.3d at 968 (5th Cir. 1996) (("[A] habeas petitioner fails to exhaust state remedies when he

---

6. Mr. Manske's affidavit states that the offer was made on January 1, 2007, which Petitioner claims is proof that either Mr. Mankse or Mr. Duport must be lying. It appears that Mr. Manske's affidavit merely contains a typo, given that January 1 is a state and federal holiday, and government offices, including courts, were closed that day. *See* TEX. GOV'T CODE 662.003(1).

9

presents material additional evidentiary support to the federal court that was not presented to the state court.").

Petitioner points to no admissible evidence to support his claim that Mr. Dupont failed to inform him of the 12-year plea offer. Without evidence in the record, "a court cannot consider a petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Because the presumptively-correct state court's express and implied factual findings and credibility choices have not been rebutted by any evidence, this claim must fail.

### 2. Mr. Manske's alleged failure to investigate Petitioner's prior criminal history

Petitioner next complains that Mr. Manske failed to investigate Petitioner's prior criminal history and discover that he was never admonished on the range of punishment in his 1992 misdemeanor DWI conviction, which was used to enhance his 2007 DWI conviction from a misdemeanor to a felony. According to Petitioner, "the 1992 conviction is void," and had Mr. Manske performed a proper investigation, he would have "moved to have said conviction stricken from the indictment/complaint." (Dkt. No. 18 at 5.)[7]

---

7. Petitioner made an almost identical claim that Mr. Manske failed to investigate and discover that Petitioner was not admonished of the range of punishment for his 1996 DWI in a state habeas petition challenging that conviction. *Ex Parte Rodriguez*, Application No 14-10-00529-CR (Tex. Crim. App. [14th Dist.] Jan. 6, 2011). The trial court issued a number of unfavorable Findings of Fact and Conclusions of Law, which Petitioner filed as evidence in this action. (Dkt. No. 49, Ex. 3.) In addition to finding that Petitioner was not credible and that his collateral attack (filed 14 years after his conviction became final) was barred by latches, the trial court explained:

> In 1996, as is the case today, a judge presiding over a plea of guilty in a misdemeanor is not required to inform or admonish the defendant. *See* Article 27.14, Texas Code of Criminal Procedure (Vernon's 1995).
>
> Neither is any judge gifted with the foresight that Applicant would commit numerous misdemeanor and felony offenses over the ensuing two decades, nor required to speculate on the future effect of a conviction for a class b misdemeanor.

(*Id.* at 2.) These findings were affirmed, and Application No 14-10-00529-CR was dismissed.

Texas courts have long held that the admonishments of Article 26.13 of the Texas Code of Criminal Procedure are only required in felony pleas, not pleas in misdemeanor cases. *See Berliner v. State*, 6 Tex. App. 181, 181 (1879) ("The article in the statute, which says, 'If the defendant pleads guilty, he shall be admonished by the court of the consequences,' refers entirely to felonies."); *Johnson v. State*, 48 S.W. 70, 71 (1898) ("We know of no statute that requires any sort of warning to be given to a defendant in a misdemeanor case when he enters a plea of guilty."); *Tatum v. State*, 861 S.W.2d 27, 29 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) ("We hold that federal due process does not require trial courts to admonish misdemeanor defendants on the range of punishment before accepting guilty pleas."). Thus, even if the trial judge in Petitioner's 1992 misdemeanor DWI case did not admonish him of the range of punishment, this does not render Petitioner's conviction "void" as he claims.

To prove ineffective assistance of counsel for failure to investigate a prior conviction used for enhancement, the petitioner must prove that the prior conviction was invalid. *Alexander v. McCotter*, 775 F.2d 595, 603 (5th Cir. 1985). Because Petitioner has failed to provide any evidence that his 1992 DWI conviction was invalid, his claim that Mr. Manske was ineffective for failing to have this conviction "stricken from the indictment" must fail.

### 3. Both attorneys' alleged failure to file motions, develop a defense, and review discovery with Petitioner

Respondent argues that Petitioner failed to exhaust his claims that both of his trial attorneys were ineffective for failing to file motions, develop a defense, and review discovery with Petitioner because he did not present these claims in his state habeas petition. In response, Petitioner argues that he raised these claims in his Amended Brief to Support Memorandum of Law to Writ of Habeas Corpus Pursuant to Article 11.07 (2364461 SHCR), which he filed on

11

March 16, 2009—roughly five months after he filed his original state petition and more than a month after the trial court entered its Findings and Conclusions as directed by the CCA.

The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g.*, *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim . . . ."). Petitioner's failure to comply with required state procedures with respect to these claims constitutes procedural default. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 93 (5th Cir. 1989); *Risley v. Quaterman*, 2008 WL 4327295, *4 (S.D. Tex. Sept.16, 2008).

By raising claims regarding his trial attorneys' alleged failure to file motions, develop a defense, and review discovery in this action without properly raising these claims in his state habeas petition, Petitioner has bypassed the state courts and attempted to present original claims to the federal courts before the state courts have had the opportunity to rule on the merits. Thus, Petitioner has prevented the state court from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349; *Picard v. Connor*, 404 U.S. 270, 275 (1971). Moreover, under the Texas Abuse of Writ Doctrine, Texas bars subsequent applications for writ of habeas corpus except in very particular circumstances and strictly enforces its abuse of writ provisions. *See* TEX. CODE CRIM. P. 11.07(4)(a); *Fearnace v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Thus, even if the Court were to require Petitioner to

present these claims to the CCA to satisfy the exhaustion requirement, the CCA would find them to be procedurally barred because Petitioner has already filed his first writ application in Texas and will not be able to raise these claims in a subsequent state court writ.

Because Petitioner's claims regarding his trial attorneys' alleged failure to file motions, develop a defense, and review discovery were not raised in state court, either on appeal or on habeas, they are not exhausted and are procedurally defaulted.

### 4. Both attorneys' alleged failure to watch a video of Petitioner's arrest

Finally, Petitioner claims that both trial attorneys were ineffective because they failed to request, obtain, and view a videotape from the arresting officer's dashboard camera that was taken the night of Petitioner's arrest.

Mr. Manske's affidavit states that he investigated Petitioner's case, which included the arresting officer's police report wherein Petitioner "admitted to State Trooper to consuming 7 beers and on a scale of 1 to 10 (with 10 being the highest) how impaired did he think he was and he stated an eight (8)." (SHCR 2360070 at 14.) Petitioner does not claim that the videotape would show that he did not make these statements, but instead argues that the videotape would show that he "was not driving irradically [*sic*], never weaved or swerved." (Dkt. No. 19 at 13.)

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). In the police report referenced in Mr. Manske's affidavit, the officer states that he pulled Petitioner over because Petitioner's vehicle did not have a rear license plate, and the officer was unable to see that Petitioner's vehicle had a temporary buyer tag in the back window until after Petitioner had stopped—not because Petitioner was driving erratically. (SHCR 2348938 at 37.) Thus, it is

13

unclear how Mr. Manske's viewing the videotape—assuming such a tape exists—would have altered the outcome of this case.

On the same evidence cited in Parts III.B.1,2,4, *supra*, the state court determined that Petitioner's attorneys provided effective assistance of counsel. (2348938 SHCR at Cover, 2360070 SHCR at 53.) Because this ruling was not unreasonable or contrary to clearly established federal law, Respondent's Motion for Summary Judgment is granted on all of Petitioner's ineffective assistance of counsel claims.

**IV. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address *sua sponte* the issue of whether a COA should be granted or denied).

To make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(B)(2), Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing

of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## V. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Respondent's Motion for Summary Judgment (Dkt. No. 25) is **GRANTED**;

2. Petitioner's Motion to Expand the Record (Dkt. No. 48), Motion to Reurge the Motion for Evidentiary Hearing and Motion for Appointment of Counsel (Dkt. No. 49), and Motion to Expidite [*sic*] (Dkt. No. 50) are **DENIED**;

3. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**; and

4. Petitioner is **DENIED** a Certificate of Appealability.

**SIGNED** this 8th day of August, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE